BISCHOFF, J.
The plaintiff is the widow of one Victor Morris, a deceased member of the= defendant benefit society, and seeks to recover as beneficiary under the terms of the society’s-constitution, which are detailed below. ' The case was submitted upon an agreed state of facts, and was decided adversely to the plaintiff. It was agreed that the deceased was in arrears of dues,, and had brought himself within the conditions' of delinquency specified in the constitution, except that he had not been in arrears for a period of six .months at the date of his death. The constitution provided as follows:
“In case of the death of £ member or his wife, three coaches,, hearse, Tachrichim shroud, and other necessities shall be provided by-the society. * * * Members who fail to pay their dues,, within two meetings after general meeting shall be excluded from all benefits until all their dues are paid at the next last pay night.. Before this time such -members have, no claim on the society. * * * After the death of a member, his wife or orphans, or,, if there are none, the nearest relatives; shall receive, within thirty days after such death, from the society, the sum of two hundred dollars. At the death of the wife of a member, he shall receive-the sum of one hundred dollars, from which, however, the society retains fifteen dollars towards a tombstone, if not placed by the husband within one year. The cost of the stone shall not exceed the above amount. The members, however, shall be equally taxed for the above sums of two hundred, respectively, one- hundred dollars. * * * Members in arrears, and their families, are entitled only to burial ground, i. e. grave,—no other expenses. Members in arrears for six months shall be stricken from the rolls.”
While observing the rules of strict adverse construction, which?, must prevail in the interpretation of provisions such as those before us, it seems clear that the defendant assumed a liability towards only two classes of persons: Members proper, and delin *569 quent members and their families. Towards those members who had been dropped from the rolls, no benefit of ex-membership was given, since the words used implied an absolute expulsion from the society after the member’s time during which he might retrieve his position had expired. The plaintiff’s husband was not of this class, but was a delinquent member. As to his class, 'however, the defendant assumed a liability only for "the strict expense of interment of him or his wife, and there is no claim that this-duty was disregarded. Had Morris.been dropped from the rolls it would have been impossible for his widow to sustain a claim for the- death fund in suit, since that fund but inured to the benefit of a member’s widow; but it is claimed that he was a member,, although delinquent, and that the widow should be protected as beneficiary. We cannot take this view, since, while the construction of this constitution should be strict, no unreasonable interpretation is called for, and, unreasonably, the" member in signing the constitution would understand that, while delinquent, the benefits sought to be secured "through membership would be withheld- "from him and his family ; that burial alone would be accorded, should there be no expulsion ; and that, after expulsion-for delinquency, not even burial was to be given by the defendant. . "
Judgment affirmed, with costs.
All concur